# EXHIBIT 1

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2021 CV02389

Nancy Der Sarkisian, PLAINTIFF(S),

V.

Austin Preparatory School, DEFENDANT(S)



**SUMMONS**

THIS SUMMONS IS DIRECTED TO Austin Preparatory School (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a. Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court, _____ (address), by mail or in person, **AND**
    b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 2 Seaport Lane, Fl 10, Boston, MA 02110

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

| | |
|---|---|
| Nancy Der Sarkisian<br><br>    Plaintiff,<br><br>v.<br><br>Austin Preparatory School<br><br>    Defendant | SUPERIOR COURT<br><br>CIVIL ACTION NO. |

## COMPLAINT

### I. PARTIES

1. Plaintiff Nancy Der Sarkisian (hereinafter "Plaintiff") is a seventy (70) year old woman, residing in Reading, Middlesex County, Massachusetts.

2. Plaintiff was employed by Austin Preparatory School as an English teacher for approximately twenty-four (24) years prior to her unlawful termination on December 26, 2019.

3. Defendant Austin Preparatory School (hereinafter "Defendant" or "Austin Prep") is a co-educational private institution located in Reading, Middlesex County, Massachusetts.

### II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction, pursuant to M.G.L. c. 151 B §9 as this action concerns the Defendant's unlawful discrimination against Plaintiff, and as this wrongful conduct occurred in Reading, Middlesex County.

5. This Court has subject matter jurisdiction, pursuant to M.G.L. c. 151B, §9 as Plaintiff filed a formal Charge of Discrimination with the Massachusetts Commission Against Discrimination against the above-named Defendant within the statutory three hundred (300) day period, and as ninety (90) days have passed since Plaintiff filed such Charge of Discrimination.

6. This Court has jurisdiction over Defendant as Austin Prep is located in Massachusetts, and has discriminated against Plaintiff and otherwise acted in a tortious manner toward Plaintiff in the Commonwealth.

7. Venue is proper pursuant to M.G.L. c. 223 §1 because the Plaintiff resides in Middlesex County, and the Defendant is located in Middlesex County.

### III. STATEMENT OF FACTS

8. Plaintiff is a seventy (70) year old female, previously employed by Austin Prep in Reading, Massachusetts.

9. Plaintiff was employed as an English teacher with Austin Prep for twenty-four (24) years prior to her unlawful termination on December 26, 2019.

10. Upon the conclusion of the 2018-2019 school year, Defendant offered Plaintiff a renewed contract of employment for the 2019-2020 school year, and Plaintiff accepted that offer.

11. Plaintiff was sixty-nine (69) years old at the time she was wrongfully terminated.

12. Prior to her wrongful termination, Plaintiff planned on continuing to teach for the foreseeable future until the age of seventy-five (75).

13. Plaintiff began to experience health issues with her hips causing her great pain in the summer of 2018.

14. Despite her chronic pain, Plaintiff continued to work during the 2018-2019 academic school year.

15. In July 2019, Plaintiff was informed by her doctor that she needed to undergo orthopedic surgery to replace her hip.

16. On August 4, 2019, Plaintiff notified Defendant that she needed hip replacement surgery on September 5, 2019 and would need four (4) weeks to recover from the surgery.

17. Plaintiff's last day of teaching was September 3, 2019. She underwent hip surgery on September 5, 2019.

18. Due to unexpected complications from the September 5, 2019 operation, Plaintiff's surgeon told her that she would need a second operation, which took place on October 5, 2019.

19. On October 13, 2019, Plaintiff informed Defendant that she would not be able to return to teaching at the beginning of the second quarter as she expected because of her unexpected surgery.

20. In November 2019, Defendant suggested to Plaintiff to consider filing for Long Term Disability, which Plaintiff did upon Defendant's suggestion. Upon the start of the 2019-2020 school year, Defendant changed its employee benefits and replaced the prior generous allotment of 110 accrued sick days with a new maximum of 60 sick days, and made available to the faculty Long Term Disability benefits if a teacher's condition required that person to be absent for more than 60 days.

21. On November 27, 2019, Plaintiff had to undergo a third surgery due to complications with her prior surgeries.

22. On December 9, 2019, Plaintiff's doctor notified Defendant in the "Accommodation Request Inquiry Form" that Plaintiff was "temporarily totally disabled" and would be impaired likely for three (3) to six (6) months.

23. Notably, in the same correspondence, Plaintiff's doctor notified Defendant that although some of Plaintiff's physical capabilities were impaired, none of her cognitive and communication skills required for carrying out her job duties as a teacher were affected.

24. Plaintiff was able to perform the essential functions of her position including, but not limited to, sitting, speaking, communicating, and writing

25. Defendant made no attempt whatsoever to engage Plaintiff about that status of her condition or recovery after receiving the Accommodation Request Inquiry Form from Plaintiff's doctor on December 9, 2019. By way of example, Defendant neglected to call or e-mail Plaintiff and ask when she expected to return to work, the status of her recovery, or if she was able to work with reasonable accommodations.

26. While she was recovering from her third surgery, Plaintiff received a phone call from Mr. John Weber (hereinafter "Mr. Weber"), Chief Financial Officer of Austin Prep, on December 26, 2019. When she saw it was Mr. Weber calling, Plaintiff thought it was going to be a phone call from the school checking in on her recovery process.

27. Contrary to Plaintiff's expectation, Mr. Weber's purpose in contacting Plaintiff on December 26, 2019 was to inform her that her employment with Austin Prep was terminated due to her disability.

28. In the course of this call, Mr. Weber did not ask Plaintiff about the status of her recovery, or when she might be able to return to teaching.

29. In marked contrast to the treatment accorded to the then 69 year old Plaintiff, on January 9, 2020, Sean Brennan (hereinafter "Mr. Brennan"), the Assistant Head and Upper School Head of Austin Prep, sent e-mail correspondence to the entire Austin Prep faculty discussing how the school was going to deal with the year long absence of a 38 year old Physics teacher, based on her illness. This Physics teacher informed the Austin Prep faculty that she would be out for the entire 2019-2020 school year, and perhaps even part of the 2020-2021 academic year due to her illness. Nevertheless, the Physics teacher remained on the Austin Prep faculty through the end of the school year and accommodations were made to temporarily fill her role while she remained out on medical leave.

30. In stark contrast, Austin Prep did not even make a scintilla of the effort it did for the much younger Physics teacher to accommodate Plaintiff, and furthermore, terminated Plaintiff.

31. On January 14, 2020, a mere two and a half weeks after being notified of her termination, Plaintiff met with her surgeon to follow up on her progress.

32. On January 15, 2020, Plaintiff's physical therapist evaluated her and was so impressed with Plaintiff's progress that the physical therapist said that Plaintiff could walk normally and even go up and down stairs.

33. Plaintiff was replaced as ninth grade English teacher by an individual who is significantly younger than Ms. Der Sarkisian, and notably less experienced in teaching English to middle school students.

## IV. CLAIMS FOR RELIEF

### Count I – Discrimination on the Basis of Disability in Violation of M.G.L. c. 151B §1 and 42 U.S.C.A. §12101

34. Plaintiff re-alleges and incorporates by reference all the relevant allegations set forth above.

35. Upon information and belief, Defendant decided to terminate Plaintiff on the basis of her temporary total physical disability even though Plaintiff was capable of continuing her job as a teacher if provided reasonable accommodation.

36. Under Massachusetts law M.G.L.A. c. 151B §1, an employer is barred from dismissing employees who are capable of performing the essential functions of the position involved with reasonable accommodation.

37. Further to M.G.L.A. c. 151B §1, when an employer is notified of an employee's handicap, the employer has an affirmative duty to engage in an "informal, interactive process" in an attempt to offer reasonable accommodation.

38. Austin Prep's decision to discriminate against Plaintiff on the basis of her handicap (totally temporarily physical impairment) is demonstrated by, *inter alia*:

    a. Defendant's complete failure to ever inquire with Plaintiff regarding the status of her recovery upon receipt of Plaintiff's Accommodation Request Form;

    b. Defendant's stated reasoning for terminating Plaintiff's employment with Austin Prep was based solely on its "understanding" that Plaintiff would be "unable to work for at least another three (3) to six (6) months";

    c. Defendant's failure to engage in an informal, interactive, flexible process with Plaintiff to see what accommodations the school could have made to allow Plaintiff's return to work as required under Massachusetts law;

    d. Plaintiff would have been able to return to her job and perform the essential duties associated with teaching sooner than the indeterminate time period of three (3) to six (6) months indicated in the Accommodation Request Inquiry Form had Defendant engaged in an interactive process with Plaintiff and in fact accommodated her.

39. Massachusetts Supreme Judicial Court recognized that M.G.L. c. 151B §4 tracks the Americans with Disabilities Act ("ADA") 42 U.S.C.A. §12101 virtually in all respects. Accordingly, a prima facie showing of disability discrimination in violation of the ADA is essentially identical to the elements required for M.G.L. c. 151B §4, and therefore, a violation of M.G.L. c. 151B §4 would be a sufficient violation of 42 U.S.C.A. §12101.

40. Austin Prep has discriminated against Plaintiff on the basis of disability in violation of M.G.L. c. 151B §4 and 42 U.S.C.A. § 12101.

41. As a direct and proximate result of Austin Prep's discriminatory practices with respect to disability, in violation of M.G.L. c. 151B §4 and 42 U.S.C.A. §12101, the Plaintiff has suffered significant harm.

**Count II – Discrimination on the Basis of Age in Violation of M.G.L c. 151B §4**

42. Plaintiff re-alleges and incorporates by reference all of the relevant allegations set forth above.

43. Upon information and belief, Austin Prep discriminated against Plaintiff due to her age when they terminated her and replaced her with a significantly younger teacher.

44. In addition, upon information and belief, Austin Prep discriminated against Plaintiff due to her age when they failed to make any effort to accommodate Plaintiff despite simultaneously doing so for a much younger, approximately thirty-eight (38) year old disabled teacher.

45. Upon information and belief, Defendant engaged in a concerted effort to induce the faculty teachers who are in their sixties (60s) and seventies (70) to leave Austin Prep. The fact that some people who are in their 60s and 70s still work at Austin Prep does not diminish or negate the fact that Defendant's intention is to remove teachers above a certain age from the faculty.

46. M.G.L. c. 151B §4 prevents a person over forty (40) years old, who has performed his or her job acceptably, from being fired and replaced by someone younger.

47. Austin Prep's unlawful decision to discriminate against Plaintiff on the basis of her age (at the time 69 years old) is demonstrated by, *inter alia*:

    a. Plaintiff was 69 years old at the time she was unlawfully terminated;

    b. Plaintiff was performing her job acceptably as she received no substantial or material feedback from Austin Prep to indicate otherwise in the time leading up to her termination;

    c. Plaintiff's position as a ninth grade English teacher was replaced by a much younger – decades younger – person with much less experience than Plaintiff;

    d. In her nearly twenty-five (25) year career with Austin Prep, Plaintiff received only one negative "Counseling Memorandum" from Austin Prep that was given to Plaintiff on May 23, 2019 during the 2018-2019 school year. Defendant now takes the pretextual position that Plaintiff was terminated because of her poor job performance relying upon the single negative Counseling Memorandum;

    e. Despite Plaintiff's "deficient performance" indicated in the Counseling Memorandum, Defendant invited Plaintiff back to teach for 2019-2020 school year;

    f. Mr. Weber indicated to Plaintiff that it would be unacceptable for her classes to be covered by a substitute teacher any longer while she was out on recovery, however, Defendant's age based discrimination is made clear when compared with Austin Prep's treatment of a much younger, approximately thirty-eight (38) year old Physics teacher under similar circumstances;

    g. The thirty-eight (38) year old Physics teacher, due to a medical condition, was going miss the entire 2019-2020 school year. Nevertheless, that teacher's classes were covered by other teachers for the remainder of the 2019-2020 school year, and the Physics teacher remained a member of the Austin Prep faculty until June 2020 when Austin Prep received notice of Plaintiff's age-based discrimination claim upon receiving her Charge of Discrimination with the Massachusetts Commission Against Discrimination.

48. Defendant has discriminated against Plaintiff on the basis of age, in violation of M.G.L. c. 151B § 4.

49. As a direct and proximate result of Austin Prep's discriminatory practice with respect to age in violation of M.G.L. c. 151B § 4, the Plaintiff has suffered significant harm.

## V. PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Nancy Der Sarkisian, prays that this Court enter relief for the Plaintiff and against the Defendant as follows:

1. For damages in an amount to be determined at trial;
2. For punitive damages, pursuant to M.G.L. c. 151B, §9;
3. For attorneys' fees and costs, pursuant to M.G.L. c. 151B, §9; and

4. For such other relief as the Court may deem necessary and proper.

## VI.   JURY DEMAND

The Plaintiff, Nancy Der Sarkisian, hereby demand a trial by jury for all counts so triable.

> Respectfully submitted,
> Plaintiff,
> Nancy Der Sarkisian,
> By her counsel,
>
> */s/ Rory FitzPatrick*
> Rory FitzPatrick
> BBO No. 169960
> Karlene E. Manley
> BBO No. 694533
> Rachel E. Feiden
> BBO No. Pending
> CETRULO LLP
> 2 Seaport Lane, FL 10
> Boston, MA 02210
> (t) 617-217-5500
> rfitzpatrick@cetllp.com
> kmanley@cetllp.com
> rfeiden@cetllp.com

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2081CV02389 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Der Sarkisian, Nancy vs. Austin Preparatory School | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO: Rory FitzPatrick, Esq.<br>Cetrulo LLP<br>Two Seaport Lane<br>Boston, MA 02210 | | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                                 **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/31/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 02/02/2021 | |
| All motions under MRCP 12, 19, and 20 | 02/02/2021 | 03/04/2021 | 04/05/2021 |
| All motions under MRCP 15 | 02/02/2021 | 03/04/2021 | 03/31/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 08/02/2021 | | |
| All motions under MRCP 56 | 08/31/2021 | 09/30/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/28/2022 |
| Case shall be resolved and judgment shall issue by | | | 10/05/2022 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.**
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED<br>11/02/2020 | ASSISTANT CLERK<br>**Beatriz E Van Meek** | PHONE<br>(781)939-2745 |
|---|---|---|

Date/Time Printed: 11-02-2020 14:47:56                                                                                              SCV026\ 08/2018